VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF POWHATAN

JAMES R. CONAWAY, )
)
    Plaintiff, )
)
v. )   Case No. CL21001151-00
)
SALLIE M. CLOSE, )
)
and )
)
RYAN H. HOUTSMA, )
)
    Defendants. )

## COMPLAINT

COMES NOW, Plaintiff, JAMES R. CONAWAY, by Counsel, and hereby files this his complaint against Defendants, SALLIE M. CLOSE and RYAN H. HOUTSMA, in his personal capacity, and in support thereof, states as follows:

1) Plaintiff, James R. Conaway (hereinafter "Conaway") is an individual and a resident of Henrico County, Virginia. A veteran, Conaway is sixty-nine (69) years old with no criminal history.

2) Defendant, Sallie M. Close (hereinafter "Close"), is an individual and a resident of Powhatan County, Virginia. Close is the owner of improved real property, including a single-family dwelling, located at 1300 Huguenot Trail, Powhatan, Virginia 23139 (hereinafter "residence").

3) Ryan H. Houtsma (hereinafter "Houtsma") is a Sherriff's Deputy in the employ of the Sheriff's Department for the County of Powhatan, Virginia.

1


EXHIBIT A

4) Conaway and Close were romantically involved and lived together from 2008 until September 2018 when they ended their relationship.

5) Conaway and Close last saw each other in early March of 2020 when they both happened to simultaneously attend a local music venue.

6) Conaway has had no communication with Close since a text message exchange regarding getting his personal items on or about March 15, 2020.

7) On March 11, 2021 at 1:00 p.m. the residence of Ms. Close was burglarized by James Pittman (hereinafter "Pittman").

8) Pittman's arrival and entry into the residence was captured on ring security cameras belonging to Close.

9) The recording of Close's security camera depicted Pittman arriving on or around 1:00 p.m. of March 11, 2021 in a black Toyota Prius with dealer tags. As Pittman exits the vehicle country music can be heard and he is shown wearing a bright orange shirt, dark pants, and work boots.

10) The ring camera, placed at approximately shoulder height next to Close's front door, captures Pittman's full face and body which are clearly depicted as he approaches the front door of the residence.

11) Pittman was again caught on the ring camera as he left the residence at or around 1:10 p.m. on March 11, 2021.

12) At approximately 1:30 p.m., Powhatan Sherriff's Deputy M. Boggs responded to a call for a larceny in which the victim described a man entering his garage and his truck with "black frame glasses, an orange/peach shirt, and grey and black pants." The victim continued to

describe the individual as going through his truck, and after being confronted fled in a black car with a torn "30-day tag."

13) At approximately 1:40 p.m., Sheriff's Deputy Gatewood stopped Pittman in his black car. At approximately the same time, Detective Schwartz arrived on the scene. The officers identified Pittman.

14) At approximately 1:40 p.m., a second victim called the Powhatan Sheriff's Office describing a video with Pittman taking a pole saw and trimmer from the victim's property and placing the pole saw and trimmer in the black car with the torn 30-day tag. Deputy Gatewood identified a pole saw and trimmer in the back of Pittman's vehicle.

15) At approximately 2:00 p.m., Pittman's vehicle was towed to the impound lot, and Pittman was taken before the magistrate where warrants for larceny were issued.

16) On March 11, 2021, Close arrived home and discovered her house had been broken into. Close reviewed her security camera video footage and then contacted the Powhatan County Sheriff's Office at around 7:30 p.m..

17) Upon contacting the Powhatan County Sheriff's Office, Close stated that Conaway was the individual who broke into her house. She reported "someone broke into her house." She claimed it was "an old ex-boyfriend", said she was "pretty sure he vandalized her mailbox awhile back." She stated she "stepped on a baggie," that there "was probably marijuana in it," that "she walked in and could see that things had been opened." She said that she walked back into her bedroom and it "looked like a box he had ripped open" and "threw stuff all over the bed" and "tried to go into my jewelry box." She stated that she has a ring camera, and that she looked, and "sure enough its him."

18) Conaway bears no resemblance to Pittman. Pittman is 52 years old, Conaway is 69 years old. Pittman has a goatee and thinning brown hair, Conaway has no facial or head hair. Pittman weighs 234 pounds and is six feet, one inch, with blue eyes Conaway is 190 pounds, five foot eleven inches, with green eyes.

19) Houtsma, on duty for the Sheriff's Department and clothed in authority, was dispatched to investigate the alleged incident, arriving at the residence at 7:45 p.m. and meeting with Close. During the meeting, Close:

   a) Provided the ring videos to Houtsma;

   b) Identified Conaway as the individual who had broken into her house; and

   c) Stated that nothing had been taken from her home.

20) Other than accepting Close's assertion that Conaway broke and entered into her residence, Houtsma failed to conduct any further investigation prior to seeking a felony arrest warrant for Conaway.

21) Houtsma failed to conduct even a basic investigation to confirm whether Conaway was the individual who broke into the residence. Houtsma failed to

   a) Investigate the record owner of the Toyota Prius;

   b) Compare a Department of Motor Vehicle license identification photograph of Conaway with the individual appearing in the video;

   c) Ask Close any basic questions such as why she thought Conaway, an ex-boyfriend, would have gone through her personal items and/or gone to the trouble of breaking into her home and not then take the personal items of his that remained in the residence;

   d) Ask Close about the last contact she had with Conaway;

    e)     Inquire as to any other larcenies or recent arrests for breaking and entering in the area; or

    f)     Inquire whether there were any other incidents in the area matching the physical description of the man shown to him in the videos.

22) Houtsma failed to have Close testify or issue a sworn statement directly to the magistrate.

23) Houtsma failed to provide the magistrate an opportunity to examine the validity of Close's claim that Conaway broke and entered into the residence.

24) Based solely upon the claim by Close that Conaway had broken and entered into the residence, on March 11, 2021, Houtsma sought and obtained a felony warrant for Conaway's arrest on the charge of breaking and entering in violation of §18.2-91 of the Code of Virginia, 1950 as amended, as well as trespassing in violation of §18.2-119 of the Code of Virginia, 1950 as amended.

25) On March 12, 2021, at 4:34 a.m., Henrico County police officers came to Conaway's residence, woke him, and placed him under arrest.

26) Upon being arrested by Henrico County Police, Conaway was processed and then held in jail without bond for five (5) days. Conaway is immunocompromised, but was held in overcrowded general population holding areas during the COVID-19 pandemic.

27) On March 14, 2021, Close sent an email to Houtsma stating that she reviewed the video again and admitted the individual breaking into her residence was not Conaway. She noted the vehicle did not belong to him, he would not wear orange or work boots, and he hated country music. These mitigating facts about Conaway were known to Close on March 11, 2021 and were not based on any new knowledge she obtained between March 11, 2021 and March 14, 2021.

28) For reasons unknown, Houtsma did nothing in response to the email referenced in paragraph 27 above until March 17, 2021.

29) On March 17, 2021, Houtsma discussed the case with his Sergeant, who advised him that Pittman was the individual in the video, and he had been arrested March 11, 2021 at 1:30 p.m.

30) On March 17, 2021, the Commonwealth's Attorney for Powhatan County *nolle processed* the charges pending against Conaway, and he was released.

31) Conaway has had to incur expenses to obtain an expungement of his criminal records.

## COUNT I
## SLANDER BY CLOSE

32) Paragraphs 1 through 31 are hereby incorporated by reference as if set forth in full.

33) As alleged in paragraph 17 and 19, Close uttered words to the Powhatan Police Sheriff's Department and to Houtsma claiming that Conaway had broken and entered into the residence for criminal purposes.

34) Close uttered words to a third party asserting that Conaway had engaged in criminal conduct, specifically trespass and felony breaking and entering, a crime of moral turpitude.

35) The words uttered by Close asserting Conaway had broken and entered into her residence were untrue.

36) Close, who had dated Conaway for approximately twelve years, knew or should have known that the individual on her video camera was not Conaway.

37) Alternatively, Close, who had dated Conaway for approximately twelve years, recklessly disregarded whether the images captured on her video camera system were Conaway, and falsely accused Conaway of the criminal conduct.

38) If proven, the criminal charges brought against Conway as a result of Close's statements would have resulted in indictment and serious punishment.

39) Conaway sustained damages as a result of Close's false statements, including arrest, loss of liberty, being subjected to conditions in jail, prevented from engaging in his normal life and business, prevented from receiving his normal medical care, prevented from enjoying the peace and tranquility of his hearth and home, prevented from enjoying his normal diet, humiliation, embarrassment, loss of his rights, loss of his clothing and normal hygiene, loss of sleep, headache, stress, and expenditures to clear his name, records and reputation.

40) Close is *per se* liable to Conaway for her slanderous statements and her reckless disregard for Conaway's rights.

41) Conaway is entitled to compensatory and punitive damages from Close as a result of her *per se* slander.

**WHEREFORE**, Plaintiff, **JAMES R. CONAWAY**, by Counsel, and hereby prays for judgement against Defendant, **SALLIE M. CLOSE**, in the amount of $500,000 in compensatory damages with interest thereon at the judgment rate of interest from March 11, 2021; $500,000 in punitive damages; and costs incurred herein.

### COUNT II
### MALICIOUS PROSECUTION BY CLOSE

42) Paragraphs 32 through 41 are hereby incorporated by reference as if set forth in full.

43) Close initiated and cooperated with the institution of criminal prosecutions against Conaway.

44) Close had no probable cause to seek criminal charges against Conaway as she had no reasonable suspicion or belief that Conaway had engaged in any criminal conduct.

7

45) Close maliciously initiated the criminal complaint against Conaway, as she had no or such slight grounds of suspicion that Conaway had engaged in the alleged crimes as to indicate a general disregard for Conaway or his rights.

46) The criminal cases issued against Conaway terminated in his favor, by a motion to dismiss the charges by the Commonwealth's attorney for Powhatan County.

47) Close is liable to Conaway for her malicious prosecution of criminal charges against him.

48) Conaway is entitled to compensatory and punitive damages from Close as a result of her malicious prosecutions against him.

**WHEREFORE**, Plaintiff, JAMES R. CONAWAY, by Counsel, and hereby prays for judgement against Defendant, SALLIE M. CLOSE, in the amount of $500,000 in compensatory damages with interest thereon at the judgment rate of interest from March 11, 2021; costs incurred herein, and $500,000 in punitive damages.

## COUNT III
## § 1983 DEPRIVATION OF CIVIL RIGHTS BY HOUTSMA

49) Paragraphs 42 through 48 are hereby incorporated by reference as if set forth in full.

50) Houtsma acted at all times under color of authority and statute.

51) Houtsma, under color of authority, deprived Conaway of his rights, privileges and immunities provided by the Fourth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983.

52) Houtsma, under color or authority, deprived Conaway of his liberty, privileges, due process and equal protections provided under the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983.

53) Houtsma caused Conaway's seizure by seeking and obtaining criminal warrants for his arrest for alleged violations of §18.2-91 of the Code of Virginia, 1950 as amended and §18.2-119 of the Code of Virginia, 1950, as amended.

54) A reasonable and prudent person would have conducted at least some investigation to confirm the alleged identity of the alleged perpetrator.

55) Houtsma failed to conduct even the barest of investigations to confirm Conaway had engaged in any criminal offenses. Houtsma failed to utilize any of the readily available pieces of information provided and easily available to him to confirm the identity of the alleged perpetrator.

56) Houtsma lacked probable cause to seek and obtain the criminal warrants issued against Conaway.

57) Houtsma failed to provide the magistrate issuing the warrants against Conaway the relevant and readily available information, causing the magistrate to issue a warrant based upon deficient facts.

58) A timely report and inquiry to Houtsma's sergeant would have revealed to Houtsma that Pittman, and not Conaway, was the individual in the video footage.

59) As a direct result of Houtsma's failure to investigate, and as a direct result of his seeking the warrants against Conaway, Conaway was arrested, pulled out of his residence at 4:30 a.m., placed into custody, and held without recognizance for five (5) days.

60) Houtsma violated Conaway's Constitutional Fourth Amendment and Fourteenth Amendment rights and protections, and is liable as a result.

61) Conaway is entitled to compensatory and punitive damages from Houtsma as a result of his violation of Conaway's Fourth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff, JAMES R. CONAWAY, by Counsel, and hereby prays for judgement against Defendant, RYAN H. HOUTSMA, in the amount of $500,000 in compensatory damages with interest thereon at the judgment rate of interest from March 11, 2021; $500,000 in punitive damages, and attorney fees and costs incurred herein.

JAMES R. CONAWAY

*Of Counsel*

Robert L. Isaacs, Esq. (VSB# 35595)
Christopher C. Leslie, Esq. (VSB# 90873)
ROBERT L. ISAACS, P.C.
8100 Three Chopt Rd, Ste 134
Henrico, VA 23229
Tel (804) 355-2600
Fax (804) 355-8758
Email: chris@rvalaw.net
*Counsel for Plaintiff*

## Certificate of Service

I certify that on this 25th day of October, 2021, I sent a true copy of the foregoing complaint by first-class mail to:

Thomas E. Lacheney, Esq.
County Attorney, Powhatan County
3834 Old Buckingham Rd, Suite A
Powhatan, VA 23139

Ryan H. Houtsma, Deputy
P.O. Box 133
Powhatan, VA 23139

Bradford W. Nunnally, Sheriff
Powhatan County Sheriff's Office
P.O. Box 133
Powhatan, VA 23139

Ms. Sallie M. Close
1300 Huguenot Tr
Powhatan, VA 23139

Robert L. Isaacs, Esq.