IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JAMES R. CONAWAY,<br> Plaintiff,<br><br>   v.<br><br>SALLIE M. CLOSE, *et al.*<br> Defendants. | )<br>)<br>)<br>)  Civil Action No. 3:21cv725 (EWH)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff James R. Conaway ("Plaintiff") originally brought this action in the Circuit Court of Powhatan County ("the Circuit Court") against Defendants Sallie M. Close ("Close") and Ryan H. Houtsma ("Houtsma") (collectively, "Defendants"). Plaintiff seeks damages for slander, malicious prosecution, and violations of 42 U.S.C. § 1983 arising out of Plaintiff's arrest and incarceration for a burglary he did not commit. After Plaintiff served both Defendants, Houtsma filed a Notice of Removal (ECF No. 1) removing Plaintiff's claims to this Court based on federal question jurisdiction.

This matter now comes before the Court on Plaintiff's Objection to Removal and Motion for Remand (ECF No. 4) ("Motion to Remand") and Close's Motion to Sever Counts I & II of Plaintiff's Complaint Against Defendant Close and Remand to State Court (ECF No. 6) ("Motion to Sever"). For the following reasons, this Court will GRANT the Motion to Remand and DENY the Motion to Sever.

**I. BACKGROUND**

In resolving Plaintiff's Motion to Remand, the burden falls on Houtsma, as the removing party, to establish grounds for removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148,

1

151 (4th Cir. 1994). Accordingly, the Court will strictly construe the allegations in Houtsma's Notice of Removal and resolve all inferences in favor of remand. *See Garver v. Holbrook*, No. 4:21cv235, 2021 WL 2689841, at *1 (E.D. Va. June 30, 2021) (citing *Mulcahey*, 29 F.3d at 151). The Court thus recites the following facts from Plaintiff's complaint in the Circuit Court (ECF No. 1-1) ("Complaint"), which was attached to the Notice of Removal.

For ten years, Plaintiff and Close were in a romantic relationship. (Compl. at 2.) Two years after they ended their relationship, Plaintiff and Close saw each other at a local music venue. (Compl. at 2.) After that encounter, Plaintiff and Close briefly exchanged text messages about some of Plaintiff's personal items that Close apparently still possessed. (Compl. at 2.)

A year later, on March 11, 2021, Close's house in Powhatan County was burglarized, and Close's home security camera captured images of the intruder, including his face and his car, which was a black Toyota Prius. (Compl. at 2.) Within the next hour, two other Powhatan County residents reported larcenies, asserting the suspect stole items from their properties, and describing the suspect as a man driving a black Toyota Prius. (Compl. at 2–3.) That afternoon, deputies for the Powhatan County Sheriff's Office conducted a traffic stop of a black Toyota Prius and arrested James Pittman, who matched the physical descriptions provided by the Powhatan County residents. (Compl. at 3.)

Later that evening, Close arrived home, discovered her home had been burglarized, reviewed the security video, and called the Powhatan Sheriff's Office. (Compl. at 3.) Close stated that Plaintiff was the individual who broke into her house. (Compl. at 3.) Houtsma, a deputy sheriff, was dispatched to Close's house. (Compl. at 4.) Close provided the security videos to Houtsma, identified Plaintiff as the individual who had broken into her home, and stated that nothing had been taken from her home. (Compl. at 4.) According to Plaintiff, Houtsma failed to

conduct any further investigation, such as investigating the owner of the Toyota Prius, asking Close additional questions, or inquiring about other crimes in the area. (Compl. at 4–5.) Late that night, Houtsma obtained a warrant to arrest Plaintiff from a state magistrate. (Compl. at 5.) Henrico County police officers arrested Plaintiff and he was subsequently held without bond. (Compl. at 5.)

Two days later, Close sent an email to Houtsma, stating that she reviewed her security video again and that Plaintiff was not the intruder. (Compl. at 5.) Three days after that, Houtsma discussed the case with a supervisor, who identified Pittman as the individual who had broken into Close's home. (Compl. at 6.) Later that day, Plaintiff was released from jail, and the charges against him were *nolle prossed*. (Compl. at 6.)

On October 25, 2021, Plaintiff sued Houtsma and Close in the Circuit Court for claims arising out of his arrest and incarceration. Plaintiff asserted common law slander and malicious prosecution against Close, and he alleged Houtsma deprived him of his civil rights provided by the Fourth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983. (Compl. at 6–9.) Houtsma was served on November 8, 2021, and Close was served on November 9, 2021. (Obj. to Removal and Mot. for Remand Exs. 2 & 3, ECF Nos. 10-2 & 10-3.) On November 18, 2021, Houtsma filed the Notice of Removal to transfer the case to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

On December 10, 2021, Plaintiff filed the Motion to Remand the case to the Circuit Court, arguing that this Court lacks removal jurisdiction because Close never consented to the removal of the case to federal court. (Mot. to Remand at 2.) Houtsma filed a Response to Plaintiff's Objection to Removal and Motion for Remand (ECF No. 9) ("Houtsma Response Brief"). Houtsma acknolwedges that Close did not consent to removal, but argues that the Court should

exercise its discretion and retain jurisdiction over Plaintiff's claims against him pursuant to 28 U.S.C. § 1441(c)(2), which permits a federal court to sever and remand state law claims that lack original or supplemental jurisdiction. (Houtsma Resp. Br. at 2–3.) Close did not respond to the Motion to Remand but acknowledges she has never filed a consent to removal.[1] Close also filed the Motion to Sever, asserting that the Court lacked diversity, federal question, or supplemental jurisdiction over the claims against her, and requesting that the Court sever and remand Plaintiff's claims against her. (Def.'s Br. in Supp. of Def.'s Mot. to Sever Counts I & II of Pl.'s Compl. Against Def. Close and Remand to State Ct. at 2, ECF No. 7 ("Close Sever Brief"); Def.'s Reply Br. to Pl.'s Resp. to Def.'s Mot. to Sever Counts I & II of Pl.'s Compl. Against Def. Close and Remand to State Ct. at 3–6, ECF No. 12 ("Close Reply Br.").) Houtsma does not object to the Motion to Sever. (Houtsma Resp. Br. at 2.)

Plaintiff filed a Response to the Motion to Sever (ECF No. 11), requesting the Court deny the Motion to Sever because the claims against Close and Houtsma arise out of the same facts, the claims will require the same evidence, and severance would result in Plaintiff having to try the same case twice. (Pl. Resp. to Mot. to Sever at 2–3.)

## II.   ANALYSIS

Under 28 U.S.C. § 1441(a), a state court defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To effectuate removal, the defendant must file a notice of removal with the federal court within thirty days after service of the state court complaint. 28 U.S.C. § 1446. When a case has multiple defendants and removal occurs exclusively pursuant to 28 U.S.C. § 1441(a), as it does here, "*all defendants* who have been properly *joined and served must join in or consent*

---

[1]   On January 19, 2022, this Court held an initial pretrial conference, where counsel for Close affirmed that Close did not, and does not, consent to Houtsma's Notice of Removal.

to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphases added).

These removal statutes thus create a "rule of unanimity," which requires all defendants to a state court lawsuit to consent to removal to federal court. *Hartford Fire Ins. v. Harleysville Mut. Ins.*, 736 F.3d 255, 259 (4th Cir. 2013). Such consent must be "official and unambiguous." *Creed v. Virginia*, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009) (quoting *Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins.*, 963 F. Supp. 553, 558 (N.D. W.Va. 1997)). When removal is deficient based on a failure to consent to removal, the Court must remand the case to state court. *Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 641 (E.D. Va. 2003) (citing *Adams v. Aero Servs. Int'l, Inc.*, 657 F. Supp. 519, 521 (E.D. Va. 1987) and *National Union Fire Ins. v. Louth*, 40 F. Supp. 776, 783 (W.D. Va. 1999)). When evaluating whether a removal is deficient, courts should construe removal statutes narrowly, with "any doubts . . . resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union,* 640 F.3d 599, 617 (4th Cir. 2011) (en banc), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

As Defendants acknowledge, the rule of unanimity under 28 U.S.C. § 1446(b)(2)(A) was not satisfied because Close did not consent to removal. Plaintiff served Houtsma and Close on November 8 and 9, 2021, respectively. Houtsma filed the Notice of Removal on November 18, 2021. Thus, at the time of the removal, both defendants were "properly joined and served," *see id.* § 1446(b)(2)(A), and Close was required to join in or consent to removal within 30 days from the date of service of the Complaint. *See id.* § 1446(b)(2)(B); *see also Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, at *12–*14 (D. Md. July 11, 2013) (noting that the Fourth Circuit's rule affording a later-served defendant "thirty days from the date they were served to join the notice of removal" remained intact after the enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011). Close did not join in or consent to removal and has subsequently sought

5

to remand the claims against her to state court.[2] (*See* Mot. to Sever; Close Reply Br. at 3.) Thus, because "all defendants" have not consented to the removal of this case to this Court, the Notice of Removal was improper.

Despite the lack of Close's consent, Defendants argue that the Court can nonetheless sever and retain Plaintiff's § 1983 claim against Houtsma. (Close Sever Br. at 2; Close Reply Br. 3–6; Houtsma Resp. Br. at 2.) In support of severance, Defendants principally rely on 28 U.S.C. § 1441(c), which states:

> (1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim *not within the original or supplemental jurisdiction* of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of *an action described in paragraph (1)*, the district court *shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed*. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphases added). In other words, in a removed action, § 1441 requires a court to sever and remand to state court only those claims "not within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c)(1)(B). Defendants rely on § 1441(c), asserting that because the Court does not have supplemental jurisdiction over the state law claims

---

[2] Close argues that because she had not entered an appearance in the state court action at the time of removal, she was not a party to the state court action and "only Count III against Defendant Houtsma was removed." (Close Reply Br. at 2–3.) Close's argument ignores the plain language of the statutes addressing removal, which permit the removal of civil "actions," 28 U.S.C. § 1441— not parties or claims—and allows removal against a defendant that has not yet been served. *See* 28 U.S.C. §§ 1447(a) (giving district court power "to bring before it all proper parties whether served by process issued by the State court or otherwise"), 1448 (permitting service of process of named defendant after removal even if such defendant was not served in the state court).

against Close, the Court should sever Plaintiff's state law claims and remand them to the Circuit Court while retaining the claims against Houtsma. (Houtsma Resp. Br. at 2; Close Sever Br. at 2.)

Where a district court has original jurisdiction over certain claims within a lawsuit, the court will also have supplemental jurisdiction over "all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In other words, a federal court has supplemental jurisdiction over state law claims that arise out of "a common nucleus of operative fact" as the claims over which the federal court has original jurisdiction, such that the plaintiff "would ordinarily be expected to try [all of the claims] in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Thus, § 1441(c)(2) requires the Court to sever and remand Plaintiff's claims against Close only if such claims do not arise out of the same operative facts as Plaintiff's § 1983 claim against Houtsma.

In the Complaint, Plaintiff asserted two claims against Close: slander for Close's statements to the Sheriff's Office that Plaintiff had broken into her house, and malicious prosecution for Close's initiation of a criminal prosecution against Plaintiff. (Compl. at 6–8.) Plaintiff asserted one claim against Houtsma: a § 1983 claim arising from Fourth and Fourteenth Amendment violations. (Compl. at 8–9.) Specifically, Plaintiff asserted, among other things, that Houtsma failed to conduct even "the barest of investigations," lacked probable cause in seeking and obtaining a criminal warrant against Plaintiff, and failed to provide the magistrate complete information. (Compl. at 9.)

The Court concludes that each of the claims asserted by Plaintiff share a common nucleus of operative fact. First, all of the claims arise out of the same sequence of events—Close's identification of Plaintiff as the intruder, Houtsma's investigation of the crime, and the subsequent

criminal process. This time period is short and many of the witnesses will be the same.

Second, the elements of Plaintiff's § 1983 claim against Houtsma and malicious prosecution claim against Close rely on proof of many of the same operative facts. *See Tobey v. Keiter, Stephens, Hurst, Gray & Shreaves*, No. 3:13cv315, 2013 WL 4101879, at *4 (E.D. Va. Aug. 13, 2013) ("To determine whether the federal and state law claims . . . derive from a common nucleus of operative fact, it is first necessary to determine what Plaintiff will be required to prove under each type of claim raised in the Complaint."). To prove both the § 1983 claim against Houtsma and malicious prosecution claim against Close, Plaintiff will have to show a lack of probable cause. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (stating elements for § 1983 violation under the Fourth Amendment in the malicious prosecution context); *Nies v. Klos*, 222 S.E.2d 798, 800 (Va. 1976) (stating elements for malicious prosecution under Virginia common law). The key facts relevant to probable cause in both claims will be Close's identification of Plaintiff as the intruder of her house and Houtsma's failure to perform an investigation to corroborate Close's assertions. Plaintiff's slander claim is also based on Close's identification of Plaintiff. Thus, even though each claim has distinct elements and will require some distinct facts, Plaintiff would be expected to try all the claims "in one judicial proceeding," given the overlap of key facts and witnesses. *See United Mine Workers*, 382 U.S. at 725. This Court therefore has supplemental jurisdiction over Plaintiff's claims against Close, and 28 U.S.C. § 1441(c) does not apply.

Defendants argue in the alternative that, if this Court finds it has supplemental jurisdiction over the claims against Close, the Court should still exercise its discretion and sever the claims against Close and retain the claims against Houtsma. The Court does not have such discretion. If a defendant is required to consent to removal and fails to do so, removal is improper, and the Court

must remand. *Unicom Sys*, 262 F. Supp. 2d at 643; *Grandison v. Food Lion, LLC*, No. 4:11cv80, 2011 WL 3652437, at *2 (E.D. Va. Aug. 18, 2011) (unpublished opinion and order) (indicating that a lack of consent defeats removal jurisdiction). Because this Court has concluded that Close did not consent to removal, the Court cannot exercise its discretion and sever and retain the claims against Houtsma.

### III.   CONCLUSION

Because Plaintiff's claims against Houtsma and Close arise out of the same operative facts, this Court has supplemental jurisdiction over the claims against Close, and 28 U.S.C. § 1441(c) does not apply. Because Close did not consent to the Notice of Removal, this Court does not have jurisdiction over any of Plaintiff's claims under 28 U.S.C. §§ 1446(b)(2)(A) and 1441(a). Accordingly, this Court will enter an order granting the Motion to Remand, denying the Motion to Sever, and denying without prejudice all other pending motions before this Court.

Let the clerk send a copy of this Memorandum Opinion to all counsel of record.

/s/ 
Elizabeth W. Hanes
United States Magistrate Judge

Richmond, Virginia
Date: February 8, 2022